# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JARRED HANSHAW AND TESSA HANSHAW,**
**Plaintiffs Below, Petitioners**

**v.) No. 23-ICA-474**          (Cir. Ct. Wayne Cnty. Case No. CC-50-2022-C-44)

**COLUMBIA GAS, COLUMBIA GAS TRANSMISSION, LLC,**
**COLUMBIA GAS TRANSMISSION CORP, COLUMBIA PIPELINE**
**GROUP SERVICES, APPALACHIAN POWER COMPANY,**
**AND CAROL LEIST,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Jarred Hanshaw and Tessa Hanshaw appeal the October 2, 2023, order entered by the Circuit Court of Wayne County granting Respondents' motions for summary judgment. Respondent Appalachian Power Company filed a response. Respondents Columbia Gas Transmission, LLC, Columbia Pipeline Group Services, and Carol Leist filed a joint response which included cross-assignments of error.[1] The Hanshaws filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a motorcycle accident on May 10, 2020, when Jarred Hanshaw was traveling westbound on his motorcycle on Route 75 in Wayne County, West Virginia. As he went around a sharp curve, Mr. Hanshaw lost control of his bike and wrecked. Tessa

---

[1] Jarred and Tessa Hanshaw are represented by Matthew P. Stapleton, Esq., and Scott G. Stapleton, Esq. Appalachian Power Company is represented by Brian R. Swiger, Esq., Rebecca D. Pomeroy, Esq., and Christopher D. Smith, Esq. Columbia Gas Transmission, LLC, and Columbia Pipeline Group Services are represented by Peter J. Raupp, Esq., John J. Meadows, Esq., and S. Caleb Davis, Esq. Columbia Gas and Columbia Gas Transmission Corp. did not participate in this appeal. Carol Leist is represented by Randall L. Trautwein, Esq., and Jill E. Lansden, Esq. James Leist is deceased and was dismissed from the underlying case by order entered March 22, 2023.

Hanshaw, his wife, was following him in the family minivan with their children, as they were on their way home from a Mother's Day lunch. Mr. Hanshaw did not have a valid motorcycle endorsement on his driver's license and lacked formal motorcycle training as required in West Virginia. He testified that he regularly drove his motorcycle throughout Ohio, West Virginia, and Kentucky, despite being unlicensed.

As a result of the wreck, Mr. Hanshaw suffered a displaced fractured left scapula, eight fractured ribs, a lacerated spleen, a spinal fracture at T5-T6, a traumatic hemopneumothorax, right knee lacerations and contusions, a facial laceration, a head injury, headaches, a left ankle injury, permanent scarring, other disfigurements, and general pain. Mr. Hanshaw underwent surgery and had titanium plates and screws permanently inserted into four of his ribs.

The Hanshaws allege that the crash was caused by gravel, rocks, and other debris scattered across the road that had migrated from a nearby adjoining utility access road. The Hanshaws filed suit in the Circuit Court of Wayne County alleging negligence claims against Columbia Gas Transmission, LLC ("Columbia Gas"), Columbia Pipeline Group Services ("Columbia Pipeline"), the other named Columbia entities, Appalachian Power Company ("APCo"), and James and Carol Leist, for creating a hazardous condition on the public roadway.

The utility access road is about seventy-five to one hundred feet long and was built by Columbia Gas on land owned by Carol Leist and her late husband. Columbia Gas obtained an easement across the Leist property and built the access road to its pipeline facilities and a cathodic protection rectifier pole. From Route 75, the ingress to the access road is open to the public and anyone traveling along the public roadway can pull into the driveway to park or turn around. Further along the access road, the Leists installed a gate to prevent trespassers from entering. Columbia Gas employees visit the site periodically and Columbia Gas paid for upgrades to the access road in 2017 or 2018.

APCo has an easement over a different tract of the Leist property that allows the company to construct poles and run powerlines, but it does not have an easement or right of way related to the access road. Consistent with its easement, APCo placed a power pole, drop line, and a meter near the Columbia Gas rectifier at Columbia Gas's request, but APCo claims that otherwise, it does not travel on or use the land. All parties admit they have no evidence that APCo owned, maintained, used, or otherwise conducted any activities on the access road.

During the course of litigation below, the respondents filed motions for summary judgment. On March 28, 2023, the circuit court held a hearing on multiple motions including APCo's motion for summary judgment and the motion for summary judgment of Columbia Gas and Columbia Pipeline, joined by Carol Leist. The circuit court granted the motions on the basis that the respondents owed no duty to the Hanshaws. Specifically,

the court found that APCo's easement, which allowed it to place and maintain power poles, created no duty to maintain the access road and that there was no reason for APCo to "foresee risks stemming from a driveway that it did not build, did not own, and did not use." Moreover, the circuit court found that neither APCo nor any other respondent had any duty to maintain Route 75, where the motorcycle accident occurred, or to monitor or clear gravel off it. Accordingly, the circuit court found that the respondents had no duty as it related to the Hanshaws, and their negligence claims failed as a matter of law. Based on this ruling, the circuit court found that the remaining pending motions were moot and dismissed the case. The Hanshaws appeal these rulings, memorialized in the October 2, 2023, order. Columbia Gas and Columbia Pipeline have also raised two cross-assignments of error in their joint response brief.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.,* 194 W. Va. 52, 459 S.E.2d 329 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (quotations and citations omitted).

On appeal, the Hanshaws raise six overlapping and interrelated assignments of error, which we will address in combination.[2] First, they allege that the circuit court erred in ruling that the respondents' lack of duty to maintain the public roadway is a dispositive issue. The Hanshaws assert that they never argued that respondents had a duty to "maintain" Route 75 or perform maintenance and repair activities like paving, painting, or filling potholes. They contend that Mr. Hanshaw's injuries were caused by negligent construction, inspection, maintenance, and use of the utility access road that introduced hazards and obstructions into the public roadway, not from the lack of "maintenance" of the public roadway. Therefore, the Hanshaws assert that the respondents may not have a duty to "maintain" the public roadway, but they do have a duty not to create an unreasonable hazard on the road and should have a duty to clean up any hazards they cause. They further argue that the circuit court improperly used the lack of a duty to maintain the public roadway to grant summary judgment. Second, they allege that the circuit court erred by failing to find that the respondents had a duty to construct and maintain the access road in a manner that would prevent rocks from flowing onto the public roadway. Third, they allege that the circuit court erred by ruling that the landowners of the access road could not be held liable because they had no duty to maintain the public roadway. Fourth, they allege

---

[2] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error).

that the circuit court erred in finding that the utility company that constructed the access road could not be held liable because it had no duty to maintain the public roadway. Fifth, they allege that the circuit court erred by ruling that APCo had no duty to maintain the access road when it had power poles and lines in the area where the accident occurred.

We disagree. The Hanshaws alleged negligence against the respondents. To prevail on a negligence claim, a plaintiff must establish "(1) [a] duty which the defendant owes him; (2) [a] negligent breach of that duty; [and] (3) injuries received thereby, resulting proximately from the breach of that duty." *Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 280, 787 S.E.2d 546, 551 (2016) (quotations omitted). It is well established that "[n]o action for negligence will lie without a duty broken." Syl. Pt. 1, *Parsley v. Gen. Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981). The existence of a duty is a question of law to be determined by the court. Syl. Pt. 5, *Aikens v. Debow*, 208 W. Va. 486, 541 S.E.2d 576 (2000). To determine whether a duty is owed, we look to the foreseeability of harm resulting from the complained of conduct. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." Syl. Pt. 3, in part, *Sewell v. Gregory*, 179 W. Va. 585, 371 S.E.2d 82 (1988).

Here, we find that duty was correctly addressed by the circuit court when it determined that none of the respondents owed a duty to the Hanshaws concerning the condition of Route 75, where the subject accident occurred. Route 75 is part of the state road system, owned and maintained by the State of West Virginia. *See* W. Va. Code § 17-4-1 (1972) ("The authority and control over the state roads shall be vested in the commissioner of highways."). Therefore, none of the respondents has any ownership of or obligation towards the condition of the roadway, including an obligation to monitor and/or clear gravel from it.[3]

Petitioners argue that this finding should not be dispositive of their negligence claims but put forth no evidence establishing negligence based on an alternative breach of a duty related to the access road. It is undisputed that Mr. Hanshaw did not travel on the access road at any time before he lost control of his motorcycle on Route 75. Petitioners assert that Mr. Hanshaw lost control of his bike because he hit a large piece of gravel in the road, and now ask the Court to infer that the gravel migrated from a negligently constructed and/or maintained access road. However, there is no evidence in the record to establish that the rock came from the access road or was under the direction or control of the respondents. Moreover, there is no statutory duty for a landowner or occupant of land situated along a state or county road to remove an obstruction from the road unless such

---

[3] Likewise, we note that the circuit court did not suggest that the lack of a duty to "maintain" Route 75 included tasks such as paving, painting, or filling potholes, as petitioners suggest. Rather, it elaborated on the duty to maintain by stating, "[n]one of the [respondents] had a duty to monitor and clear gravel off Route 75."

obstruction was placed there by the landowner/occupant or with his or her consent. W. Va. Code § 17-16-2 (1921). Accordingly, we find no duty imputed to respondents arising from the coincidental existence of gravel on Route 75 at the time of the subject motorcycle wreck.

Regardless of whether any respondent has a general duty to maintain or construct the access road in any particular manner, there is no evidence of any breach of that duty. Because there is no evidence in the record affirmatively connecting the maintenance, construction, or condition of the access road to the motorcycle wreck, there is no basis to find that the duty was breached with respect to the Hanshaws. As previously stated, there is no evidence establishing that any gravel in the public roadway at the time of the accident came from the access road. There is also no evidence that the access road was improperly constructed or maintained, that any gravel had previously migrated from it into the public road causing a hazardous condition or an accident, or that any respondent had prior notice that the access road created a hazard to Route 75. Therefore, it would not have been foreseeable to the respondents that their construction or maintenance of the road could have caused the subject wreck, and consequently, we find no duty under this set of facts.[4]

Finding no duty owed by respondents to petitioners, we find that petitioners' negligence claims fail as a matter of law. In light of this determination, we find that Columbia Gas and Columbia Pipeline's Cross Assignments of Error[5] are moot.

Accordingly, we affirm the circuit court's October 2, 2023, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

---

[4] We also concur with the circuit court's specific finding that APCo's easement across the access road did not create a duty for it to maintain the access road. Accordingly, it cannot be liable for any negligence arising from a breach of a duty to maintain the access road.

[5] Columbia Gas and Columbia Pipeline asserted that respondents were entitled to judgment as a matter of law on two alternative grounds in addition to those granted: that there was no dispute in the record that the gravel in the roadway was an open and obvious hazard, and that there was no evidence in the record that the gravel in the roadway came from the access road.

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear